**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000498
31-JAN-2018
09:15 AM**

NO. CAAP-15-0000498

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BILL C. GRAY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DTA-14-00194)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Ginoza, JJ.)

The State of Hawai'i (State) charged Defendant-Appellant Bill C. Gray with operating a vehicle under the influence of an intoxicant (OVUII) (Count 1); refusal to submit to breath, blood, or urine test (Refusal to Submit to Testing) (Count 2); possessing intoxicating liquor in an open container while operating a vehicle (Count 3); driving without a license (Count 4); and leaving the scene of an accident involving property damage (Count 5). After a bench trial, the District Court of the Second Circuit (District Court)[1] found Gray guilty as charged on Counts 1, 2, 4, and 5, and not guilty on Count 3.

Gray appeals from the District Court's Judgment entered on June 3, 2015. On appeal, Gray contends that the District Court erred in: (1) convicting him of Refusal to Submit to

_____

[1] The Honorable Blaine J. Kobayashi presided.

Testing; and (2) considering evidence of his refusal to submit to testing in convicting him of OVUII.[2] We reverse Gray's conviction on Count 2 for Refusal to Submit to Testing, and we affirm the remainder of his convictions.

I.

We resolve Gray's arguments on appeal as follows.

A.

Gray contends that the District Court erred in convicting him of Refusal to Submit to Testing. The State concedes error on this point based on State v. Won, 137 Hawai'i 330, 372 P.3d 1065 (2015). We agree with this concession of error, and we reverse Gray's conviction for Refusal to Submit to Testing. State v. Wilson, No. CAAP-15-0000682, 2018 WL 564771, at *1-8 (Hawai'i App. Jan. 26, 2018).

B.

Gray contends that the District Court erred in considering evidence of his refusal to submit to testing in convicting him of OVUII. Although the District Court referred to Gray's refusal to submit to testing in explaining its decision, this reference appears to have been in relation to its guilty verdict on the Refusal to Submit to Testing charge, and not in relation to the OVUII charge. In any event, any error in the District Court's consideration of evidence of Gray's refusal to submit to testing was harmless beyond a reasonable doubt as to his OVUII conviction. Gray admitted that he had drunk 12 to 20 beers on the night in question and was intoxicated when he was arrested by the police; his defense to the OVUII charge was that he was not the driver of the car. Accordingly, there is no reasonable possibility that the District Court's consideration of evidence of Gray's refusal to submit to testing affected Gray's OVUII conviction.

---

[2] Gray does not contest his convictions on Counts 4 and 5.

2

II.

Based on the foregoing, we reverse the District Court's Judgment with respect to Count 2, and we affirm the District Court's Judgment with respect to Counts 1, 4, and 5.

DATED: Honolulu, Hawai'i, January 31, 2018.

On the briefs:

Jacob K. Lowenthal
(Law Office of Philip H. Lowenthal)
for Defendant-Appellant

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge

3